UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY S. GOODYEAR,

               Plaintiff,

vs.                                    Case No.  2:07-cv-276-FtM-29SPC

MICHAEL F. HORNUNG, P.A. and WENDY
GANNON,

               Defendants.

_____

## ORDER OF DISMISSAL

    This matter comes before the Court upon initial review of Plaintiff's Complaint (Doc. #1) filed May 1, 2007.  Plaintiff seeks to proceed *in forma pauperis* in this action.  (Doc. #2.)

    Plaintiff, who is proceeding *pro se* and who is currently a pre-trial detainee in the Lee County Jail, filed a Complaint pursuant to 42 U.S.C. § 1983 naming his private defense counsel and his counsel's paralegal as defendants.  The Complaint is not compliant with Fed. R. Civ. P. 8 and in pertinent part contains facts related to Plaintiff's underlying arrest and pending state criminal trial.

    From what facts the Court is able to decipher regarding the named Defendants, Defendant Hornung was retained by Plaintiff's mother to represent Plaintiff on a charge of aggravated stalking arising in Lee County, Florida.  Complaint at 1.  Plaintiff vaguely alleges that the Defendants committed "malpractice" and "intentional conspiring" by "covering up a malicious false arrest

Dockets.Justia.com

by the Cape Coral Police Department." Id. The Complaint does not contain any specific facts supporting the alleged conspiracy. However, Plaintiff contends that Hornung failed to ask "crucial questions" during a deposition. Id. at 7. Plaintiff states he talked to attorney Hornung, "one of only four times" on the phone. Id. at 7. During one conversation when Plaintiff alleges that Hornung told Plaintiff that the state had a "pretty good case", Plaintiff states it became apparent to him that Hornung had been "covering up a bad arrest." Id. at 7. Plaintiff states that Hornung's "motives were clear, malicious and intentional. He obviously made an agreement to take advantage of my neiveness [sic] of the law." Id. at 11. Plaintiff contends that Hornung "was going to do right by this Plaintiff" had he filed a state petition for habeas corpus. Id. at 11. The only allegations regarding Defendant Gannon's alleged unconstitutional acts concern Plaintiff's phone conversations with her. Id. at 5-6. As relief, Plaintiff seeks monetary damages.

The Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's pro

*se* allegations in a liberal fashion. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint filed *in forma pauperis* that fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. <u>Id.</u> at 325; <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u>, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. <u>Bilal</u>, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Here, Plaintiff's claim is fatally flawed and must be dismissed. The Complaint does not establish that Defendants were acting under the "color of state law" and therefore cannot fulfill the first requirement of the § 1983 two-part test. The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). This is because the public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control." Legal Services Corp. v. Velazquez, 531 U.S. 533, 542 (quoting Polk County, 454 U.S. 321-322). "[A] public defender's obligations toward her client are no different than the obligations of any other defense attorney." Dodson, 454 U.S. at 318s. As such, Plaintiff's privately retained defense counsel and his paralegal are not state actors. Because the Court finds that the Complaint has not satisfied the first element of a § 1983 action, the Court will not address whether the Defendants alleged wrongdoings meet the requirements of the second element.

Assuming *arguendo* that the Complaint could meet the threshold requirements of a § 1983 action, Plaintiff's state criminal proceeding appears to remain pending. Thus, to the extent Plaintiff alleges that his privately retained defense counsel and his paralegal conspired with the Cape Coral Police Department in an alleged unlawful arrest and malicious prosecution, Plaintiff must show that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis in original). Plaintiff cannot satisfy the Heck standard.

While viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against the Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. Estelle v. Gamble, 429 U.S. 97, 106-107 (1976); Farrow v. West, 320

-5-

F.3d 1235 (11th Cir. 2003). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

ACCORDINGLY, it is hereby

**ORDERED**:

1.    Plaintiff's Complaint (Doc. #1) is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___7th___ day of May, 2007.


                                        JOHN E. STEELE
                                        United States District Judge


SA: alj
Copies: All Parties of Record